ANDREW MAST (CSBN 284070)
GABRIEL MARTINEZ (CSBN 275142)
MICHAEL RABKIN (ILRN 6293597)
ALBERT SAMBAT (CSBN 236472)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
michael.rabkin@usdoj.gov
Telephone: (415) 934-5300

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 11-00796 CRB |
| v. | **UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1** |
| PATRICK CAMPION, | |
| Defendant. | |

     The United States respectfully requests that this Court sentence defendant Patrick Campion to (1) serve six months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $2,000, a $100 special assessment, and $14,500 in restitution.  This sentencing recommendation is based on the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and is consistent with the parties' plea agreement.

//

U.S.' SENT'G MEMO           1
*United States v. Campion*, CR 11-00796 CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BACKGROUND

Defendant Patrick Campion is charged with participating in the conspiracy in San Mateo County from February 2010 through June 2010.  Dkt. 1.  After observing the auctions, Campion realized that most of the regular bidders knew each other and frequently took turns buying properties.  Presentence Report ("PSR") ¶ 15.  During an auction for a property located at 5003 Palmetto Dr. in Pacifica, Campion reached an agreement with Mike Navone to accept $2,000 or $3,000 to refrain from bidding against Navone on the property.  *Id.*  Shortly thereafter, Rezaian's associate handed Campion an envelope filled with $2,000 cash.  *Id.*  Recognizing the illegality of the payoff, Campion told Navone that he did not want to receive payoff money in the plain view of everyone, and preferred that he would only participate in payoff agreements by offsetting other debts from other payoff agreements.  *Id.*

Despite his reservations, Campion continued to enter into bid-rigging agreements.  PSR ¶ 16.  Campion has admitted that he participated in nine payoff agreements.  *Id.*  Campion was the purchaser of only one of these properties, 15 Parnell Ave. in Daly City, and therefore his total volume of commerce is only $515,400, which represents the purchase price plus the payoffs made on that one property.  *Id.*  Campion accepted money to refrain from bidding on the other eight properties, and he personally accepted $14,500 in payoff money.  *Id.*  Campion's volume of commerce does not account for the eight properties on which Campion was not the purchaser. Thus, while Campion's volume of commerce is the lowest among the defendants charged in this case, it does not account for all of the competitive harm caused by Campion.  PSR ¶ 16.

On October 27, 2011, Campion was charged by information with bid rigging and mail fraud in San Mateo County.  Dkt. 1.  On January 18, 2012, Campion pleaded guilty and began cooperating with the government's investigation.  Dkt. 11.  On October 17, 2017, defendant withdrew from his plea agreement by stipulation and entered a new plea agreement to the bid-rigging charges only.  Dkt. 60.

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

**A.     Sentencing Guidelines Calculations**

             **1.     Criminal History**

In Paragraph 12 of the plea agreement, the parties agree that Campion's Criminal History Category is determined by the Court.  Dkt. 60.  The Presentence Report ("PSR") calculates Campion's Criminal History Category as I, based on no criminal history.  PSR ¶¶ 32-36.

             **2.     Offense Level**

The PSR calculates the total offense level as 11, consistent with the plea agreement.  PSR ¶ 31.  This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids, and a downward reduction of two levels for acceptance of responsibility.  PSR ¶¶ 23-31.  U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1) & 3E1.1(a) (U.S. Sentencing Comm'n 2016).

Under the Sentencing Guidelines, an offense level of 11 and Criminal History Category of I results in a sentence ranging from 8 to 14 months of imprisonment.

             **3.     Fine and Restitution**

The PSR calculates a fine range of $20,000 to $25,770, consistent with the plea agreement.  PSR ¶ 80; U.S.S.G. §2R1.1(c)(1) (fine range shall be from one to five percent of the volume of commerce, but not less than $20,000).  In the plea agreement, the government agreed to recommend a fine between $2,000 and $20,000.  Dkt. 60.  This fine range was initially agreed to by the parties in the original plea agreement, based on the application of the fraud Guidelines, and was carried over to the revised plea agreement.  In conjunction with its custodial recommendation, the government recommends a $2,000 fine.

The government recommends restitution in the amount of $14,500, consistent with the plea agreement.  Dkt. 60.  This is based on evidence that Campion personally received $14,500 in payoffs for bid-rigging agreements.  PSR ¶ 19.

**B.     Basis for Downward Departure for Substantial Assistance**

Pursuant to Section 5K1.1 of the Guidelines, the government moves for a downward departure for substantial assistance to the investigation.  The government recommends a 30

U.S.' SENT'G MEMO                                3
*United States v. Campion*, CR 11-00796 CRB

percent reduction from the low end of the Guidelines range of eight months, resulting in a sentence of six months.

The timing, significance, nature and extent of Campion's cooperation warrant a 30 percent reduction. Campion entered his plea agreement pre-indictment on January 18, 2012, and immediately began cooperating in the investigation. Campion was one of the earliest pleading defendants. His plea may have influenced the decisions of defendants who pleaded after him to also plead guilty and accept responsibility.

Additionally, Campion provided a candid interview with the Antitrust Division. During his interview, Campion provided corroborating information regarding the operation of the conspiracy, the conduct of other conspirators, and various bid-rigging agreements. Campion also made himself readily available to the prosecution team in the event he would be needed for further information or potential testimony.

For these reasons, a 30 percent downward departure for substantial assistance to the investigation and prosecution of these cases is appropriate.

**C.      Sentencing Recommendation**

The government's recommendation of six months is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553. The Court's sentence must reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to future bid-rigging offenses and white-collar crime generally.

Given the magnitude of the financial harm caused by Campion's conduct, the government's recommendation, which includes a custodial term, is appropriate and consistent with the commentary in the applicable Guidelines. The commentary to the Guidelines makes clear that "prison terms for [Antitrust] offenders should be . . . common" and "alternatives such as community confinement [should] not be used to avoid imprisonment of antitrust offenders." U.S.S.G. §2R1.1, cmt. n. 5 & Background. A fine alone—in the absence of a custodial term— would not serve as an adequate deterrent. The foreclosure auctions were vulnerable to bid rigging, especially in the aftermath of the foreclosure crisis, when the auctions were flooded with investment opportunities. Campion did not originate the conspiracy, but he joined in willingly.

The government's recommended sentence also adequately considers the history and characteristics of defendant, including his early decision to accept responsibility, his willingness to pay restitution and cooperate in the investigation, and his lack of prior criminal history.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and sentence defendant Patrick Campion to (1) serve six months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $2,000, a $100 special assessment, and $14,500 in restitution.


Dated:  April 19, 2018                              Respectfully submitted,


                                                    /s/
                                                    _____
                                                    MICHAEL RABKIN
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Antitrust Division